Hon. David T. Warshaw Assistant Corporation Counsel, Poughkeepsie
This is in reply to your letter of May 18, 1979 in which you seek this office's opinion as to the propriety or legality of an assistant corporation counsel of the City of Poughkeepsie opening a private law office in the City of Poughkeepsie when said deputy corporation counsel limited his time spent in that office to hours other than hours of his employment with the City of Poughkeepsie. You further state that "Before the year 1979, the City of Poughkeepsie budget was amended to make the Corporation Counsel a part-time position, with the Assistant Corporation Counsels remaining as full time City employees."
The General Municipal Law, Article 18 (relating to conflicts of interest, direct or indirect, of pecuniary or material benefit accruing to a municipal officer or employee), as well as the City of Poughkeepsie's own Code of Ethics do not preclude the opening of a private law office by an Assistant Corporation Counsel. The common law concept of incompatibility has no application since the issue of holding two public offices is not present.
However, section A-39 of the City of Poughkeepsie Charter Laws provides in part as follows: "The head of each such department, except the corporation counsel shall devote full time to the work of the city and shall accept no other employment." When this language is considered in conjunction with the fact that the contract of employment for Assistant Corporation Counsels in the City of Poughkeepsie is "full-time", it is this office's opinion that the proposed opening of a law office is controlled by the terms of employment. If the terms are unclear, it is recommended that this matter be brought to the attention of the City Manager and the City Council and a determination made as to whether there is any prohibition against all outside employment or private practice prior to any action being taken with respect to the proposed law office.